IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEVIN JONES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 18-1266 |
| MILITARY WARRIORS SUPPORT FOUNDATION, | § § § | |
| Defendant. | § § § | |

## PLAINTIFF KEVIN JONES' ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Defendant Military Warriors Support Foundation, Plaintiff Kevin Jones shows the following:

### Introduction

Plaintiff Kevin Jones is a former employee of Defendant Military Warriors Support Foundation. This is an action for employment discrimination under Section 15(a)(3) of the Fair Labor Standards Act (FLSA) (29 USC Section 215(a)(3)). Plaintiff alleges that Defendant retaliated against him by demoting him to part-time status and thereby cutting his hours and pay because he complained to Defendant's management that he was misclassified as an independent contractor and that he was owed overtime compensation for his hours worked over forty each week.

## Parties

1. Plaintiff Kevin Jones is a citizen of the State of Texas and a resident of San Antonio, Bexar County. He may be served with papers in this case through the undersigned counsel.

2. Defendant Military Warriors Support Foundation is a domestic nonprofit corporation organized under the laws of the State of Texas. It maintains its principal place of business at 211 N. Loop 1604 E, Suite 250, San Antonio, Texas 78232-1265. It may be served with process through its registered agent, John W. Hodges, Jr. at Law Office of John W. Hodges, Jr., PLLC, 29710 US Hwy 281 North, Suite 102, Bulverde, Texas 78263.

## Jurisdiction and Venue

3. The Court possesses subject-matter jurisdiction over this case because Plaintiff's claim arises under a federal statute, the Fair Labor Standards Act (FLSA). The Court possesses personal jurisdiction over Defendant because Defendant maintains its principal place of business in Texas and because Defendant regularly conducts business in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claim occurred within the San Antonio Division of the Western District of Texas.

## Factual Background

4. Plaintiff Kevin Jones worked for Defendant as a full-time "transportation coordinator" for approximately seven years. For most of this time, he worked substantial amounts of overtime—*i.e.*, in excess of forty hours per week. He was misclassified as an independent contractor. In fact, he should have been classified as a non-exempt employee. As a result of a phone conversation with a representative of the Internal Revenue Service in January

of 2018, Plaintiff learned that he was misclassified as an independent contractor when, in fact, he should have been classified as an employee. He also learned that he should have been paid an overtime premium for the hours of overtime that he had worked during many weeks.

5. Starting in January of 2018 and continuing over the next several months, Plaintiff repeatedly broached this issue with management along with the fact that the organizational had failed to pay him an overtime premium for hours worked over forty each week. Management failed to adequately remedy and actually expressed animus towards Plaintiff's complaints, including making threats of reprisals. Indeed, in May of 2018, Plaintiff was informed that his contract with Defendant would be terminated and that he would have to turn in his company equipment. Thereafter, Defendant offered Plaintiff a contract for a 90-day "part time" employment at substantially-reduced hours and pay. Needing to work, and having no other available options, Plaintiff accepted the offer and continued with Defendant as a part-time employee. Plaintiff retained legal counsel to assert his rights, and the parties commenced a negotiation with the object of resolving Plaintiff's claims. Plaintiff's part-time employment was subsequently extended for an additional 90 days. On October 19, 2018, Plaintiff was terminated from his part-time employment because he sent an email to management and co-workers complaining about the mistreatment and the retaliation he had been forced to endure.

### Cause of Action: Retaliation under Fair Labor Standards Act

6. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 5 supra.

7. Defendant is an employer, and Plaintiff was an employee, within the meaning of the FLSA. Likewise, at all times relevant to this lawsuit, Defendant was subject to enterprise

coverage under the FLSA, as it engaged in interstate commerce and had annual gross revenues in excess of $500,000.

8. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." The federal courts have interpreted Section 15(a)(3) to prohibit employers from retaliating against employees for making internal complaints related to the FLSA.

9. In this case, in or around January of 2018, after speaking to a representative at the Internal Revenue Service, Plaintiff complained to Defendant's human resources representative that he was misclassified as an independent contractor and that he was owed unpaid overtime. Plaintiff complained again in or around March and May 2018 to Defendant's management about the misclassification and the failure to pay overtime. Defendant's executive director reacted negatively to Plaintiff's complaints, and Plaintiff was informed that his "contract" with Defendant would end effective May 6, 2018 and that Plaintiff would need to turn in Defendant's property. Thereafter, Defendant offered Plaintiff "part-time employment" at substantially-reduced hours (20 to 25 hours per week), which Plaintiff reluctantly accepted given that he needed to work. Plaintiff pleads that Defendant retaliated against Plaintiff by substantially reducing his hours, and thereby substantially reducing his pay, starting on or about May 17, 2018.

10. As a result of this unlawful retaliation, Plaintiff has suffered lost wages for which he now sues. Plaintiff also seeks liquidated damages pursuant to 29 USC Section 216(b). Defendant's unlawful retaliation has also caused him emotional distress and mental anguish for which he now sues. Additionally, because Plaintiff has been forced to retain counsel to prosecute this action, Plaintiff seeks an award of attorney fees and costs.

## Jury Demand

11. Plaintiff demands a trial by jury.

## Conclusion and Prayer

12. Plaintiff Kevin Jones prays that, upon final judgment, he be awarded the following:

    I. Lost wages;

    II. An equal amount in liquidated damages;

    III. Emotional distress damages;

    IV. Attorney fees;

    V. Costs of court; and

    VI. All other relief to which he is entitled.

Respectfully submitted,

*[signature]*

Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEYS FOR PLAINTIFF
KEVIN JONES